41 So.2d 682

**Succession of VALDEZ.**

**Succession of BIANCHI.**

No. 39075.

June 30, 1949.

Connolly & Simoneaux, New Orleans, for plaintiffs-appellants.

Prowell & Viosca, Arthur C. Reuter, New Orleans, for defendants-appellees.

HAMITER, Justice.

The principal issue tendered by this litigation is whether certain real property purchased in the name of Mrs. Anna Valdez Bremerman Bianchi during her marriage with Charles Bianchi belonged to the wife's separate estate or to the community which existed between the spouses.

Following the death of Mrs. Bianchi in 1947 (Mr. Bianchi died previously), her two children of a former marriage with Bernard J. Bremerman, Sr., deceased, namely, Mrs. Alvina Bremerman Bright and Bernard J. Bremerman, Jr., instituted an action (in the succession proceedings of their mother) demanding mainly that they be adjudged the sole owners of the above mentioned real property. They alleged that the property, the present worth of which is approximately $8,000, belonged to their mother's separate estate, it having been purchased by her with separate and paraphernal funds derived from the estate of her first husband.

Made defendants and cited in the action were Mrs. Palmyre Bianchi Furlong and

C. A. Bianchi, children of Charles Bianchi, deceased, and a former wife, Mrs. Amelie Fougere. Answering, defendants averred that the property belonged to the community of acquets and gains that existed between their father and stepmother, and they prayed for judgment decreeing them to be the owners in indivision of a one-half interest therein as heirs of their father.

Subsequently, in another succession proceeding, C. A. Bianchi filed an application for appointment as administrator of his deceased father's estate and, in connection therewith, prayed for the taking of an inventory. Under an order of court the inventory was taken on November 24, 1947, in which the real property in question was listed and described. Therein, also, it was appraised at $3,500, the undivided one-half interest of Charles Bianchi, deceased, being worth $1,750. Further, in due course, C. A. Bianchi was appointed administrator of his father's succession.

Inasmuch as the mentioned two succession proceedings involved a dispute over the same property, the court ordered them consolidated and the ownership claims therein tried together.

After a trial the district judge concluded, as his assigned written reasons disclose, that the evidence was insufficient to support the allegations of plaintiffs that the property belonged to their mother's separate estate. Accordingly, he rendered judgment decreeing it to be community property, and recognizing plaintiffs as being entitled to a one-half interest therein and the defendants to the other one-half. From the judgment plaintiffs appealed.

Clearly this court has no jurisdiction of the appeal. In dispute is only the undivided one-half interest in the property to which defendants assert ownership as heirs of their father, the other one-half admittedly having been inherited by plaintiffs from their mother; and such interest, as shown by the inventory taken in the succession proceedings of Charles Bianchi, deceased, is valued at $1,750. For this court to entertain jurisdiction in cases of this kind the value of the thing in dispute must exceed $2,000. Article 7, Section 10, Louisiana Constitution of 1921. True, the petition of plaintiffs alleged that the entire property is worth approximately $8,000; but their allegation must yield to the appraisement contained in the formal inventory taken by order of court. And there is no other proof in the record contradictory of that appraisement.

For the reasons assigned it is ordered that this case be transferred to the Court of Appeal for the Parish of Orleans, pursuant to the provisions of Act No. 19 of 1912, provided that the appellants shall file the record in such court within thirty days from the date on which this decree shall become final; otherwise, the appeal shall stand dismissed.

O'NIELL, C. J., takes no part.